UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Respondent,<br><br>       v.<br><br>DAVID CRAIG BRYANT,<br><br>                          Movant. | No. 2:08-cr-0228 TLN CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding through counsel with a motion challenging his sentence under 28 U.S.C. § 2255. ECF No. 16. On August 18, 2008, movant pled guilty to 2 counts of bank robbery, violations of 18 U.S.C. § 2113(a), pursuant to an 11(c)(1)(C) plea agreement. ECF No. 10.  Consistent with the terms of the plea agreement, movant was ultimately sentenced to 2 consecutive terms of 162 months imprisonment for a total of 324 months imprisonment.

I. Presentence Investigation Report

Prior to sentencing a "Presentence Investigation Report" (PSR) was prepared by the court's probation department.  In the report, movant's United States Sentencing Guidelines (Guidelines) Base Offense Level (BOL) for each count of bank robbery is identified as 20 under the 2007 version of USSG § 2B3.1.  Movant is also identified as a "career offender" under the 2007 version of USSG § 4B1.1(a) because movant was 18 when he committed the instant

1

offenses, each offense is "crime of violence," and movant had sustained at least two prior felony convictions for any combination of "crime[s] of violence," or "controlled substance offense[s]." Specifically, it was reported that movant committed armed savings and loan robbery, a violation of federal law and robbery, a violation of California law.

As a result of movant being a "career offender" under USSG § 4B1.1(a) movant's offense level for each count of bank robbery was increased to 32 under § 4B1.1(b)(3). The offense level was decreased by 2 levels for acceptance of responsibility, and decreased by 1 additional level because movant "assisted authorities in the investigation or prosecution of his own misconduct or timely notified authorities of his intent to plead guilty." PSR at 9. Movant's Total Offense Level (TOL) was determined to be 29. With a TOL of 29 and with the assigned "criminal history category" being category VI, the Guidelines advise a sentencing range of 151 to 188 months imprisonment.

II. Sentencing

Under the terms of movant's plea agreement, the government agreed to recommend that movant be sentenced to a total term of 28 years imprisonment, to be served concurrently with a state court sentence to be imposed on movant in the Superior Court, County of San Francisco . ECF No. 10 at 2. On October 27, 2008, the district court sentenced movant to 2 consecutive terms of 162 months imprisonment totaling 324 months (27 years). ECF No. 12.

III. Movant's Claim

Movant claims that after the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his bank robbery convictions and his conviction for California robbery no longer qualify as a "crime[s] of violence" under USSG § 4B1.1(a). If the court were to agree, movant's sentence would be vacated, and, at re-sentencing, the applicable BOL would decrease by 8 levels to 24. Also, the "criminal history category" would drop to V. If the other factors that went into the calculation of movant's TOL at the original sentencing hearing were to remain the same at re-sentencing, the sentencing range recommended under the Guidelines would decrease to 70-87 months for each count.

////

Various federal statutes provide for increased punishment for a principal offense if the offender committed certain prior crimes. One such statute is 18 U.S.C. § 924(e)(1), enacted under the Armed Career Criminal Act (ACCA), which provides increased punishment if the offender has three or more earlier convictions for any combination of "serious drug offense[s]" or "violent felon[ies]." Prior to Johnson, 18 U.S.C § 924(e)(2)(B) defined the term "violent felony" for purposes of 18 U.S.C. § 924(e)(1) as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

The italicized portion of subsection (2) has come to be known as the "residual clause." Johnson II, 135 S. Ct. at 2556. In Johnson, the Supreme Court found that the "residual clause" violates the Due Process Clause of the Fifth Amendment because it is vague. Id. at 2556-57.

As indicated above, movant's TOL was found to be 29 based in part on the fact that the court found that movant's convictions for bank robbery and prior conviction for robbery under California amount to "crime[s] of violence" under USSG § 4B1.1(a). At the time movant was sentenced, USSG § 4B1.2(a) defined "crime of violence" for purposes of § 4B1.1(a) essentially the same way as "violent felony" was defined under 18 U.S.C § 924(e)(2)(B) before Johnson:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

Movant argues that Johnson served not only to invalidate the "residual clause" from 18 U.S.C § 924(e)(2)(B), but also the "residual clause" as it appeared in USSG § 4B1.2(a). This being the case, movant argues, his convictions for bank robbery and California robbery no longer

3

qualify as a "crime[s] of violence" under the version of USSG § 4B1.2(a) identified above.

On March 6, 2017, however, the Supreme Court found that the Guidelines are "not subject to vagueness challenges under the Due Process Clause." Beckles v. United States, No. 15-8544, 2017 WL 855781, *3. Consequently, invalidation of the "residual clause" as it appeared in 18 U.S.C § 924(e)(2)(B) by the Supreme Court in Johnson has no effect on any Guidelines language. Nothing else in Johnson provides the basis for any successful Guidelines-based challenge.

For these reasons, movant is not entitled to re-sentencing and the court need not address the other arguments presented by the government in opposition to the pending § 2255 motion.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's June 23, 2016 motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No. 16) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-1427 TLN CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 14, 2017

_/s/ Carolyn K. Delaney_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

brya0228.257