UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID CRAIG BRYANT,<br><br>Defendant. | No. 2:08-cr-00228-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant David Craig Bryant's ("Defendant") Motion for Compassionate Release.  (ECF No. 28.)  The Government filed an opposition.  (ECF No. 31.)  Defendant filed a reply.  (ECF No. 32.)  For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2008, Defendant pleaded guilty pursuant to a Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C) plea agreement to two counts of bank robbery in violation of 18 U.S.C. 2113(a). (ECF Nos. 8, 10.) The Rule 11(c)(1)(C) plea agreement indicated the parties agreed to a term of imprisonment of 28 years, which was to run concurrent to a sentence Defendant would receive in San Francisco County Superior Court for another bank robbery and carjacking. (ECF No. 10 at 2.) The plea agreement also specified Defendant would serve his sentence in the federal prison system. (*Id.*)

The presentence report ("PSR") calculated Defendant's offense level to be 29, which included an eight-level enhancement based on Defendant's status as a career offender pursuant to United States Sentencing Guideline ("U.S.S.G.") § 4B1.1. Although Defendant had 11 criminal history points, which normally would result in a criminal history category of five, the PSR calculated Defendant's criminal history to be six based on his career offender status. The resulting guideline range was 151 to 188 months of imprisonment for each count. The PSR recommended 168-month terms of imprisonment on each of Counts One and Two, to run consecutively to each other, for a total term of 336 months based on the nature and circumstances the offenses, Defendant's criminal history and drug addiction, and Defendant's agreement to such a sentence under the Rule 11(c)(1)(C) plea agreement.

On October 27, 2008, the Honorable Frank C. Damrell, Jr. accepted the Rule 11(c)(1)(C) plea agreement and sentenced Defendant to 162 months imprisonment on each of Counts One and Two to be served consecutively for a total of 324 months imprisonment, a 36-month term of supervised release, a $200 special assessment, and $15,052.00 in restitution.[1] (ECF Nos. 12, 13.) On October 25, 2021, the state court resentenced Defendant to a reduced prison sentence of 18 years for his concurrent state conviction. (ECF No. 28-1.) The state court discharged

---

[1] It is unclear why Judge Damrell sentenced Defendant to a total term of imprisonment of 324 months (27 years) rather than 336 months (28 years) as set forth in the plea agreement. Neither party explains the discrepancy. Absent argument to the contrary, the Court assumes Judge Damrell intended the 324-month sentence to match Defendant's concurrent state court sentence, as contemplated in the plea agreement and reflected in the PSR.

2

Defendant's state prison term on July 30, 2022.  (ECF No. 28-2.)

On May 2, 2023, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 28.)  Defendant is currently serving his federal sentence at Sheridan-FCI.  His projected release date is January 15, 2033, based upon application of his good conduct time.  (ECF No. 31-1 at 4.)  Defendant has served approximately 175-months of his 324-month sentence.  (*Id.*)

## II.     STANDARD OF LAW

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to this general rule.  Relief under 18 U.S.C. § 3582(c)(1)(A), however, is only available upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.[2]  18 U.S.C. § 3582(c)(1)(A).

A defendant is eligible for compassionate release only if the defendant can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commissions policy statement "may inform a district court's discretion," but is not binding on compassionate release motions filed by defendants.  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  Thus, district courts have discretionary authority in determining whether to classify reasons provided by defendants as "extraordinary and compelling" in compassionate release motions.  *See id.* at 801-02.

In addition to "extraordinary and compelling" reasons, district courts may evaluate whether the defendant demonstrates that the defendant is "not a danger to the safety of any other

---

[2] It is undisputed that Defendant has met the exhaustion requirement by filing a request to the warden on March 31, 2023.  (*See* ECF 28-4.)

3

person or to the community." U.S.S.G. § 1B1.13(2); *see United States v. Capito*, No. 10-cr-08050-PCT-MTL, 2021 WL 4552954, at *2 (D. Ariz. Oct. 5, 2021). The Ninth Circuit recently clarified, "[t]his dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i), but [it] is part of the Sentencing Commissions policy statement in U.S.S.G. § 1B1.13(2)." *Aruda*, 993 F.3d 799. Thus, a defendant's dangerousness is persuasive, but not binding. *Id.* at 802.

Finally, courts must consider the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors before granting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Courts must evaluate the § 3553(a) factors "to the extent that they are applicable" to determine whether they support a shorter sentence. *Aruda*, 993 F.3d 800.

### III.    ANALYSIS

Defendant cites the following reasons for release: (1) the reduction and discharge of his concurrent state sentence; (2) changes in sentencing law that disqualify him as a career offender and would lower his guideline range to 70–87 months of imprisonment on each count; (3) his low recidivism rate based on his age; and (4) his acceptance into a residential treatment program to treat his lifelong drug addiction. (ECF No. 28.) In opposition, the Government argues the Court should deny Defendant's motion because Defendant remains a significant danger to the public based on his criminal history, the circumstances of his offenses, and his disciplinary history while in custody. (ECF No. 31.)

The Court finds Defendant has shown extraordinary and compelling reasons for his release. The Ninth Circuit recently held "district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)." *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022). It is undisputed that Defendant would not be a career offender based on recent changes to the definition of "crime of violence" under the guidelines. It is also undisputed that without the career offender enhancement, Defendant's resulting guideline range would be 70 to 87 months of imprisonment on each count.

///

4

The Court finds this change in sentencing law to be especially compelling in the instant case where Defendant's sentence is dramatically higher than it would be if imposed today. The original guideline range was 151 to 188 months of imprisonment — 81 to 101 months greater than what his range would be today. A review of the case indicates a concurrent sentence on Counts One and Two within that guideline range, 151 to 188 months, would have accounted for Defendant's extensive criminal history, the nature and circumstances of the offenses, and Defendant's career offender status. However, Defendant received a significantly higher "stacked" consecutive sentence of 324 months. The change in sentencing law effects this sentence dramatically. If Defendant were sentenced under the current guidelines to a high-end consecutive term of custody, his sentence would be 174 months, which is 150 months (or 12.5 years) less than his current sentence and one month less than he has already served. Even more stark is the fact that if Defendant were sentenced under the current guidelines to a high-end concurrent sentence his sentence would be 87 months, which is 237 months (or 19.75 years) less than his current sentence. These drastic changes in Defendant's sentencing guidelines are extraordinary and compelling reasons for release.

Further, it appears Judge Damrell's decision to sentence Defendant to consecutive terms of imprisonment on Counts One and Two was based largely, if not entirely, on the parties' Rule 11(c)(1)(C) plea agreement, which contemplated that Defendant's federal sentence would match his concurrent state sentence.[3] The state court recently reduced Defendant's concurrent state sentence by 10 years and discharged the prison term. As such, the presumptive basis for the consecutive sentence on the federal counts no longer exists.

For all these reasons, even considering Defendant's criminal history and the nature and circumstances of the offense, the Court concludes a 324-month sentence is inequitable based on the changes in the law.

///

---

[3] Had the sentencing court intended the concurrent sentence to be for any other reason, the Court would expect to see a more robust justification. *See* 18 U.S.C. § 3584 (establishing a presumption that multiple terms of imprisonment imposed at the same time will run concurrently).

The Court also finds the § 3553(a) factors weigh in favor of release. Defendant has served approximately 175 months of his 324-month sentence. For the reasons already discussed, the Court believes a time served sentence is sufficient but not greater than necessary to achieve the purposes of sentencing and there is no need to vary upward to a 324-month term of imprisonment.

Lastly, although the Court is no longer required to evaluate whether Defendant is a danger to the community, the Court finds the Government's concerns about dangerousness do not justify denying Defendant's motion. Defendant is almost 67-years old. Recent statistics from the United States Sentencing Commission show that only 3.3% of robbery offenders are over the age of 60. FEDERAL ROBBERY: PREVALENCE, TRENDS, AND FACTORS IN SENTENCING, U.S. SENTENCING COMMISSION 15 (2022), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220818_Robbery.pdf (last visited July 28, 2023). In addition, the BOP concluded Defendant had a low risk of recidivism as of October 20, 2022. (ECF No. 32-1.) The Court shares the Government's concerns about Defendant's lifelong drug addiction, which led to his lengthy criminal history and has continued while in custody. However, the Court is persuaded by Defendant's representation that he has been accepted into a residential drug treatment program that may treat his addiction more effectively than the BOP. (*See* ECF No. 28-3.)

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion for Compassionate Release. (ECF No. 28.) Accordingly, the Court modifies Defendant's sentence of imprisonment to time served to be followed by the 36-month term of supervised release imposed in the previous sentence. Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect. Defendant shall be released only after all release plans are in place.

IT IS SO ORDERED.

Dated:  July 30, 2023

Troy L. Nunley
United States District Judge